## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ERIC L. WAKEFIELD, #Y58277, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 24-cv-02150-SMY |
| | ) | |
| ANTHONY SCOBLE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM AND ORDER</u>

**YANDLE, District Judge**:

This matter is before the Court for reconsideration of the Court's order granting Plaintiff Eric Wakefield's motion for leave to proceed *in forma pauperis* (IFP motion) (Doc. 8). Rule 54(b) of the Federal Rules of Civil Procedure authorizes a district court to reconsider any nonfinal order prior to entry of judgment. *See Terry v. Spencer*, 888 F.3d 890, 893-94 (7th Cir. 2018). Pursuant to Rule 54(b), the Court deems it necessary to **VACATE** the order granting IFP (Doc. 8), **DENY** Plaintiff's IFP Motion (Doc. 6), and **DISMISS** the Complaint (Doc. 1).

Before filing his Complaint, Plaintiff filed three or more civil suits as a prisoner that were dismissed for being frivolous or malicious, failing to state a claim, or seeking damages from a defendant who is immune. *Wakefield v. District Attorney's Office, et al.*, No. 22-cv-1769-DWD (S.D. Ill. dismissed Oct. 24, 2022); *Wakefield v. Franklin County Courts, et al.*, No. 22-cv-1772-JPG (S.D. Ill. dismissed May 22, 2023); *Wakefield v. Christopher Police Dep't*, No. 22-cv-1764-JPG (S.D. Ill. dismissed July 6, 2023). Because he "struck out" under 28 U.S.C. § 1915(g), Plaintiff cannot proceed IFP unless he faces imminent danger of serious physical injury. *See* 28 U.S.C. 1915(g). "Imminent danger" in this context requires a "real and proximate" threat of serious physical injury to a prisoner. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir.

1

2003).  "Allegations of past harm do not suffice to show imminent danger; rather, the harm must be imminent or occurring at the time the complaint is filed."  *Id*.

According to the Complaint, Plaintiff is an inmate at Danville Correctional Center. (Doc. 1).  He filed this action pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346, 2671-2680, claiming miscellaneous violations of his rights by more than 50 defendants.  However, Plaintiff does not name the United States as a defendant – the only proper defendant for an FTCA claim.  *See* 28 U.S.C. § 1346(b)(1).  Plaintiff's allegations are also difficult to follow, but focus on past events dating back five years.  As such, the Complaint neither establishes imminent danger of serious physical injury sufficient to support his request for IFP status, nor does it state a claim upon which relief can be granted under the FTCA.  Plaintiff's IFP motion must therefore be denied, and the Complaint dismissed.

## Disposition

The Order (Doc. 8) granting motion for leave to proceed *in forma pauperis* is **VACATED**, Plaintiff's IFP motion (Doc. 6) is **DENIED**, and the Complaint is **DISMISSED** without prejudice for failing to state a claim upon which relief may be granted under the FTCA.

If Plaintiff wishes to proceed any further with his claims, he must **PREPAY** the remaining balance of his $405.00 filing fee (currently $376.60) and file an Amended Complaint in this case. The deadline for doing both is **March 19, 2025**.  Plaintiff is **WARNED** that failure to prepay the balance of his $405.00 filing fee <u>and</u> file an Amended Complaint by this deadline will result in dismissal of the action with prejudice and an additional "strike" under 28 U.S.C. § 1915(g). *See* FED. R. CIV. P. 41.

The Clerk's Office is **DIRECTED** to **SEND** Plaintiff a blank civil rights complaint form, along with a copy of this Order.

**IT IS SO ORDERED.**

**DATED:  February 14, 2025**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**